UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

NATHAN PRESTON,
Plaintiff,
v.
A. VEGA, et al.,
Defendants.

Case No. 26-cv-04068 VKD (PR)

**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND**

Pro se plaintiff Nathan Preston, who is a state prisoner, filed a complaint under 42 U.S.C. § 1983 against officers at Salinas Valley State Prison ("SVSP") where he was previously incarcerated. Dkt. No. 1 at 2. The Court separately granted Mr. Preston's *in forma pauperis* application. Dkt. No. 18.

## I. BACKGROUND

The following facts are based on the allegations in Mr. Preston's complaint.

Mr. Preston alleges that he is an "ADA mentally disabled inmate." Dkt. No. 1 at 3. On October 14, 2025, defendants Officers A. Vega and Mendez ordered Mr. Preston to pack up his cellmate's property. *Id.* at 3. Later, Mr. Preston was assaulted in the cell by the cellmate. *Id.* Mr. Preston alleges that officers used O.C. spray against him without warning, and that he was not allowed to decontaminate afterward. *Id.* Mr. Preston received an RVR—a rules violation report—from the officers who failed to state in the report "what caused the in-cell unilateral attack on a mentally disabled inmate." *Id.* Mr. Preston asks for damages and for "staff to receive further training." *Id.* The complaint does not identify any specific claims for relief. *See* Fed. R. Civ. P. 8(a)(2).

United States District Court
Northern District of California

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed, particularly in civil rights cases. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

### A. Use of Excessive Force

With respect to the allegation that Officers Vega and Mendez used O.C. spray against him without warning, the Court infers that Mr. Preston wishes to state a claim for use of excessive force. Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986). Mr. Preston alleges that Officers Vega and Mendez used O.C. spray without first warning that the spray was going to be used "if the involved parties didn't cease and desist. . . i.e., 'get down.'" Dkt. No. 1 at 3. These allegations are sufficient to state an excessive force claim against Officers Vega and Mendez.

**B. Due Process Violation**

With respect to the allegations regarding the RVR, the Court infers that Mr. Preston wishes to state a claim for violation of his right to due process. Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus, although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Fifth Amendment's due process clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff's* procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995).[1]

Here, the allegations are insufficient for the Court to determine whether the RVR at issue implicates *Wolff's* procedural protections. Mr. Preston does not describe the specific charge(s) in the RVR, what procedures were applied, whether he was found guilty of any charge in the RVR, and, if so, the punishment imposed. In addition, Mr. Preston does not allege that he was deprived of any of the procedural protections recognized in *Wolff,* 418 U.S. at 556. *Wolff* established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id*. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to

[1] But note that placement in segregation pending investigation of disciplinary charges does not implicate a protected liberty interest absent a showing that the conditions of confinement constituted an "atypical and significant hardship" "in relation to the ordinary incidents of prison life." *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (quoting *Sandin*, 515 U.S. at 448).

the evidence relied on and reasons' for the disciplinary action." *Id.* Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," which includes the ability to obtain that documentary evidence in the first place. *Id.* at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570.

Mr. Preston may be able to correct the deficiencies identified above with respect to his due process claim by amending his complaint. Accordingly, the Court grants Mr. Preston leave to file an amended complaint to attempt to state sufficient facts to state a due process claim in accordance with the above.

**C. ADA Violation**

Although Mr. Preston describes himself as an "ADA mentally disabled inmate," it is not clear whether he means to assert a claim under the Americans with Disabilities Act.

Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" includes "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." *Id*. § 12131. In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1). For purposes of § 12102, "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42

United States District Court
Northern District of California

U.S.C. § 12102(2)(A).

To state a claim under Title II of the ADA, a plaintiff must plead that: (1) that he is disabled within the meaning of the statute, (2) he is "qualified" to receive the benefits of services or to participate in a program or activity of a public entity, or a program or activity receiving federal financial assistance, and (3) he was excluded from, was not allowed to benefit from, or was subjected to discrimination in the program or activity because of his disability. *Id.* § 12132. A plaintiff seeking monetary relief under Title II of the ADA must prove intentional discrimination on the part of the defendant under the "deliberate indifference" standard. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris,* 489 U.S. 378, 389 (1989)).

The complaint does not state an ADA claim because it fails to plausibly allege the requisite elements of such a claim. If he wishes, Mr. Preston may attempt to state an ADA claim in an amended complaint if he can plead facts supporting each element of such a claim.

## IV. CONCLUSION

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that it contains deficient claims. Mr. Preston may file an amended complaint to attempt to correct the deficiencies identified in this order. An amended complaint must be filed no later than **September 10, 2026**. The amended complaint must include the caption and civil case number used in this order, Case No. 26-cv-04068 VKD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Preston must answer all the questions on the form in order for the action to proceed. Mr. Preston is advised that his amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). As such, Mr. Preston should include the allegations regarding excessive force in the amended complaint if he wishes to proceed with that claim.

If Mr. Preston fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the deficient claims be dismissed.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order provided to Mr. Preston.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Virginia K. DeMarchi
United States Magistrate Judge